[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPEAL
This is an appeal by an employer, Norconn Services Company of Enfield, Inc., ("Norconn") from a decision of the Employment Security Division Board of Review, dated April 16, 1992, reversing the decision of the Appeals Referee and upholding the decision of the Administrator of the Unemployment Compensation Act, granting benefits to the claimant employee, Donna Whynot. The appeal, brought under C.G.S. 31-249b, claims that the decision was erroneous in holding that claimant was justified in leaving her job because of a substantial change in the terms of her employment. More particularly, Norconn claims that the Board erred in adopting a modified Finding of Fact, No. 7, as follows:
 When the claimant was working forty hours, she earned an hourly rate of $11.80, grossing $472.00 per week. When her hours were reduced to thirty-five hours, her hourly rate was reduced to $10.50 per hour and her gross pay was reduced to $367.50 per week. CT Page 4148
Norconn argues that there is no evidence to support the Board's finding that the claimant was paid a wage of $11.80 per hour. Norconn argues that although the claimant continued to receive the same amount of pay for working 40 hours per week as she did when she worked 45 hours per week, that adjustment was not a raise. Rather, Norconn argues that it was out of its own benevolence that it continued the higher pay rate during the claimant's pregnancy and maternity leave. Norconn further argues that the downward adjustment in the claimant's hours merely reflected a seasonal decline in business.
C.G.S. 31-236(a)(2)(A) provides:
 An individual shall be ineligible for [unemployment compensation] benefits . . . if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work . . . [however,] no individual shall be ineligible for benefits if he leaves suitable work (i) for sufficient cause connected with his work, including leaving as a result of changes in conditions created by his employer . . . .
Conn. Agencies Regs. 31-236-19 (1986) provides:
 In determining whether an individual's reason for leaving suitable work is connected with his work, the Administrator must find that the reason relates to wages, hours or any working conditions which comprise the employment that the individual voluntarily left.
This appeal from the decision of the Board of Review is made under C.G.S. 31-249b which states that "any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Connecticut Practice Book section 519 provides in part:
 The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions CT Page 4149 of the board when these depend upon the weight of the evidence and the credibility of witnesses.
Norconn's pay ledger shows the claimant's pay rate history, as well as her weekly payroll data. The Board stated that it reached its conclusion by comparing the claimant's gross weekly salary with the number of hours she worked each week. When the Board divided the amount of the claimant's gross salary by her weekly hours, it arrived at a figure of $11.80, which it found that claimant earned before she took maternity leave. In the same fashion, the Board computed the claimant's post-maternity leave pay to be $10.50 per hour. Based on the evidence, it concluded that Norconn reduced the claimant's pay rate, and thus gave the claimant cause to leave her job.
It appears that the Board used the ordinary method of computing hourly pay when hours worked and gross salary are known. This court is not permitted to substitute its judgment for that of the Board when it did not accept the figure that the payroll ledger had listed as the claimant's pay rate. This court "cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." Practice Book 519. There is a credible basis in the record on which the Board could find that the claimant's wages were reduced after she returned from maternity leave and that the claimant was justified in leaving her job follows from that finding.
Since we are unable to find that the Board's decision reversing the Appeals Referee was arbitrary or capricious, the Administrator's motion for judgment dismissing this appeal is granted.
Wagner, J.